UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| MOHAMAD AFIF HERZ, ) | |
| ) | Bankruptcy No. 08-00412 |
| Debtor. ) | |
| ) | |
| RENEE K. HANRAHAN, Trustee ) | |
| ) | Adversary No. 08-09062 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| BASSEM AFIF HERZ and ) | |
| ALI A. AL HERZ, ) | |
| ) | |
| Defendants. ) | |

**ORDER RE: TRUSTEE'S MOTION FOR SUMMARY JUDGMENT**

This matter came before the undersigned on April 17, 2009 for telephonic hearing. Plaintiff/Trustee was represented by attorney Abbe M. Stensland. Attorney Michael K. Lahammer appeared for Defendants Bassem Afif Herz ("Bassem") and Ali A. Al Herz ("Ali"). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H).

**STATEMENT OF THE CASE**

Trustee's complaint seeks to void real estate transactions as fraudulent transfers. In the Motion for Summary Judgment, Trustee states Defendants have not responded to requests for admissions. She asserts she is entitled to summary judgment based on deemed admissions and additional exhibits.

Defendants are Debtor's brothers. They state that Ali had provided the purchase price for real estate titled in Debtor's name. When Debtor failed to fix up the property for sale as he had agreed, Ali directed Debtor to deed the property to Bassem. Later, Ali directed Bassem to transfer the property to him. No money changed hands in the transfers because Ali had initially funded the purchase of the real estate.

Defendants have now answered Trustee's requests for admissions. They argue Trustee has failed to prove Debtor was

insolvent at the time of the transfers and assert that the transfers were made in good faith.

## SUMMARY JUDGMENT AND DEEMED ADMISSIONS

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment in adversary proceedings. Fed. R. Bankr. P. 7056, adopting Fed. R. Civ. P. 56. This rule provides that summary judgment shall be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

A genuine issue of material fact exists when (1) there is probative evidence supporting the nonmoving party and (2) the evidence goes to a fact impacting the outcome of the dispute under the controlling substantive law in the case. Anderson v. Liberty Lobby, 477 U.S. 242, 248-49 (1986). Summary judgment should be granted if the moving party can demonstrate that there is no need for trial on an issue because there is not sufficient evidence supporting the nonmoving party. Id. at 249. When a motion for summary judgment is made, the Court must view the available evidence in the light most favorable to the nonmoving party. In re Marlar, 267 F.3d 749, 755 (8th Cir. 2001).

Rule 36 provides that "a party may serve upon any other party a written request for the admission, for purposes of the pending action only." Fed. R. Bankr. P. 7036, adopting Fed. R. Civ. P. 36. Each matter of which an admission is requested is deemed admitted unless denied within 30 days after service of the request. Fed. R. Civ. P. 36(a). Facts stated in unanswered requests for admission are deemed to be true, and are binding on the party who fails to answer. In re Stevens, 322 B.R. 133, 136 (Bankr. E.D. Mo. 2005). Due to the fact that any matter admitted is conclusively established, summary judgment may be granted on the basis of unanswered requests for admissions if the facts as admitted are dispositive. Id.; In re Larson, 169 B.R. 945, 954 (Bankr. D.N.D. 1994).

A court may permit amendment or withdrawal of an admission "when the presentation of the merits of the action will be subserved thereby" and the party requesting the admission is not prejudiced thereby. Fed. R. Civ. P. 36(b). A court has the discretion to permit the amendment or withdrawal of an admission regardless of whether or not a formal motion has been filed. Larson, 169 B.R. at 954. A court exercises its discretion under Rule 36(b) by considering the effect upon the litigation and

prejudice to the resisting party.  Federal Deposit Ins. Corp. v. Prusia, 18 F.3d 637, 640 (8th Cir. 1994).  Permitting amendment of responses is in the interests of justice if the record demonstrates that the "admitted" facts are contrary to the actual facts.  Id. at 641.

## AVOIDANCE OF FRAUDULENT TRANSFER

The bankruptcy code allows the trustee to avoid a transfer voidable under applicable state law.  11 U.S.C. § 544(b)(1).  The applicable state law is Iowa Code Chapter 684, Iowa's Uniform Fraudulent Transfer Act (UFTA).  In re Schaefer, 331 B.R. 401, 416 (Bankr. N.D. Iowa 2005) (Edmonds, J.).  The plaintiff must prove each of the elements of a fraudulent transfer by clear and convincing evidence.  Benson v. Richardson, 537 N.W.2d 748, 756 (Iowa 1995).

Trustee asserts claims against Defendants under Iowa Code sec. 684.5 which states a transfer is fraudulent if the debtor did not receive reasonably equivalent value for the transfer and was insolvent or became insolvent because of the transfer.  A debtor is insolvent if the sum of its debts is greater than all of its assets, at a fair valuation.  First National Bank v. Frescoln Farms, Ltd., 430 N.W.2d 432, 346 (Iowa 1988); Schaefer, 331 B.R. at 417; Iowa Code § 684.2(1).  Whether a transfer is made in exchange for reasonably equivalent value is a question of fact requiring the court to consider all factors bearing on value in the marketplace.  In re Sun Valley Prods., Inc., 328 B.R. 147, 156 (Bankr. D.N.D. 2005) (considering Bankruptcy Code fraudulent transfer provisions, § 548(a)(1)(B)); In re Ozark Restaurant Equipment Co., 850 F.2d 342, 344-45 (8th Cir. 1988) (stating that the reasonable equivalent value analysis in fraudulent transfer cases requires consideration of "the entire situation" including market conditions).

## ANALYSIS

Based on the foregoing, the Court concludes that Trustee is not entitled to summary judgment.  Defendants have now answered Trustee's requests for admissions and deny that the transfers were for less than reasonably equivalent value.  They also contest whether Debtor was insolvent or became insolvent because of the transfer.  If Trustee is unable to utilize deemed admissions under Rule 36, issues of fact exist which preclude summary judgment.  Based on Defendants' recent responses to discovery, the Court finds that this action should proceed on the merits.

**WHEREFORE**, Trustee's Motion for Summary Judgment is DENIED.

DATED AND ENTERED:

April 23, 2009

_____
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE